# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| **CLEVERLY P. LOCKHART,** ) | |
| ) | |
| **Petitioner** ) | |
| ) | |
| v. ) | No. 3:08cv0267AS |
| ) | |
| **SUPERINTENDENT, Miami** ) | |
| **Correctional Facility,** ) | |
| ) | |
| **Respondent** ) | |

## *MEMORANDUM, OPINION AND ORDER*

On or about June 3, 2008, *pro se* petitioner, Cleverly P. Lockhart, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on December 17, 2008, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the MCF in this district. He had previously been convicted in the Howard Circuit Court, Kokomo, Indiana, of various felony offenses. An appeal emanated from the sentences imposed as reflected in an opinion by Chief Judge Sharpnack at 671 N.E. 2d 893. Judge Sharpnack crafted a carefully-drawn and reasoned opinion concurred in by Judges Hoffman and Baker, both of whom are veteran Appeals judges in Indiana. Consistent with the mandate, re-sentencing

was accomplished in the Howard Circuit Court. This court has had long experience dealing with pro se litigants and is keenly aware of the requirements of *Haines v. Kerner*, 404 U.S. 519 (1972).

There is a general presumption of correctness with regard to the facts as set forth by state courts. 28 U.S.C. §2254(e)(1). *See also Sumner v. Mata*, 449 U.S. 539 (1981) and 455 U.S. 591 (1982). As evidenced in the published opinion of the Court of Appeals of Indiana, the issues raised there were the right to a speedy trial; the right of the defendant to act as his own counsel; more accurately, the right of the defendant to act as co-counsel in a hybrid-type of representation; the error in excluding testimony from the defendant's doctor and medical documentations; errors in the admission of evidence; and errors in regard to sentencing.

It has been stated to this court that on April 16, 1998, Cleverly B. Lockhart was re-sentenced in the Howard Circuit Court to an aggregate term of 53 years and no appeal with regard to this revised sentence has been made. This court is aware that in April 1998, this petitioner filed in the state courts a petition for post-conviction relief. The papers filed in this case indicated that there were "numerous instances" of counsel withdrawing, judges recusing themselves, and hearings continued on this petitioner's motion. After all of that, a hearing was held in the state trial court on the aforesaid post-conviction petition on October 3, 2008. This petitioner asked for a further delay of that proceeding to be held on January 15, 2009 in order for him to call a specific witness. That post-conviction proceeding apparently is still

2

pending. As indicated, this petition for 28 U.S.C. §2254 was filed on June 3, 2008.

It is fairly basic that this court cannot address the merits of a petition seeking relief under 28 U.S.C. §2254 unless the state courts have had a full and fair opportunity to review the petitioner's claim. *Farrell v. Lane*, 939 F.2d 409 (7th Cir. 1991), *cert. denied*, 502 U.S. 944 (1992). The petitioner must exhaust <u>all</u> of his available state judicial remedies. *Duckworth v. Serrano*, 454 U.S. 1 (1981), and 28 U.S.C. §2254(b). A petitioner's failure to exhaust all state judicial remedies bars this court from considering his petition under 28 U.S.C. §2254. *See Jones v. Washington*, 15 F.3d 671, 674 (7th Cir. 1994). In order to exhaust his available state remedies, a petitioner under §2254 must fairly present his claims to state courts. *Picard v. Connor*, 404 U.S. 270 (1971). Where a petitioner raises both exhausted and unexhausted claims, a federal court must dismiss the petition in its entirety and do so without prejudice. *See Rose v. Lundy*, 455 U.S. 509 (1982). Here, this petitioner has not fully presented to the state court claims that he here makes under 28 U.S.C. §2254.

This petitioner challenges the effectiveness of his trial counsel and claims that the post-conviction process is inadequate to address these claims. It does not appear that any of these claims were raised on his direct appeal. This petitioner is currently proceeding through a state court conviction proceeding that, according to the record here, is not yet concluded. This petitioner has not yet provided the state court with a full and fair opportunity to address the claims he now raises here which requires this court to dismiss this proceeding without prejudice.

3

There are a number of safety valves in this procedure. If there exists an inordinate and unjustified delay in the state court proceedings, such excessive delay is equivalent to the exhaustion of state remedies if the delay is attributable to the state rather than to the prisoner. *See Jenkins v. Gramley*, 8 F.3d 505 (7th Cir. 1993). The exhaustion of state remedies is determined at the time the petition is filed. *See Verdin v. O'Leary*, 972 F.2d 1467, 1483 (7th Cir. 1992).

With all deference, from the record it appears that the delay in the state court proceedings are largely at this petitioner's doorstep. On the basis of the record as it now exists, the petition brought here by this petitioner under 28 U.S.C. §2254 is now **DISMISSED WITHOUT PREJUDICE**. **IT IS SO ORDERED**.

**DATED:** February 18, 2009

                                                **/s/ ALLEN SHARP**
                                           **ALLEN SHARP, JUDGE**
                                           **UNITED STATES DISTRICT COURT**